# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ONG VUE, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV-17-857-HE |
| JANET DOWLING, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. (ECF No. 1). United States Chief District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been examined, and for the reasons stated herein, it is recommended that the Court **DISMISS** the Petition as untimely.

## I.   PROCEDURAL BACKGROUND

On May 5, 1998, Petitioner entered a plea of *nolo contendere* in Cleveland County District Court on one count of first-degree murder and two counts of shooting with intent to kill. (ECF No. 1:2).[1] Petitioner did not file a motion to withdraw the plea,

---

[1] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

but on September 10, 1998, he filed a Motion for Judicial Review to modify his sentence. (ECF No. 1:2).[2] On September 22, 1998, the Cleveland County District Court granted the Motion and modified Petitioner's sentence. (ECF No. 1:2).[3] On July 1, 2016, Petitioner filed an Application for Post-Conviction Relief in the Cleveland County District Court. (ECF No. 1:2).[4] On September 14, 2016, the District Court denied the application and on December 14, 2016, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial. (ECF No. 1:2-3).[5]

## II. PRIOR HABEAS ACTION

On August 12, 2016, Mr. Vue filed a petition for habeas relief in this Court, challenging an immigration removal order and his 1997 Cleveland County conviction. ECF No. 1, *Vue v. Immigrations and Customs Enforcement Agency*, Case No. CIV-16-926-HE (Aug. 12, 2016). Although Mr. Vue filed the petition under 28 U.S.C. § 2241, the District Court found that to the extent Mr. Vue challenged the validity of his state

---

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

[3] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

[4] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

[5] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2016-905&cmid=120065

court conviction and sentence, the petition should be construed as one seeking relief under 28 U.S.C. § 2254. ECF No. 8, *Vue v. Immigrations and Customs Enforcement Agency*, Case No. CIV-16-926-HE (Sept. 3, 2016). The District Court dismissed the § 2254 challenge to Mr. Vue's state court conviction as untimely. *Id.* On August 10, 2017, Mr. Vue filed the instant habeas petition under 28 U.S.C. § 2254. (ECF No. 1).

## III. THE CURRENT PETITION IS NOT SECOND OR SUCCESSIVE

In *Case v. Hatch,* 731 F.3d 1015 (10th Cir. 2013), the Tenth Circuit examined the federal district court's role in applying the second or successive gatekeeping provision, and noted that its authorization to file a second or successive habeas petition in the district court is the first in a two-step "gatekeeping" process:

> The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA. Congress expressly established a two-step "gate-keeping" mechanism for the consideration of second or successive habeas corpus applications in federal courts. Before a court can consider a second claim, an applicant must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. *Id.* § 2244(b)(3)(D).
>
> If the court of appeals finds the applicant "makes a prima facie showing that the application satisfies the requirements of [§ 2244(b) ]," *id.* § 2244(b)(3)(C), the applicant may pursue a claim in district court. The district court must then review the proffered evidence, and "shall dismiss any claim ... that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of [§ 2244(b) ]." *Id.* § 2244(b)(4).

*Case v. Hatch*, 731 F.3d 1015, 1026-27 (10th Cir. 2013) *cert. denied,* 134 S. Ct. 269 (2013). These gate-keeping requirements are jurisdictional and must be considered

3

prior to the merits of a § 2254 petition. *Id.* "If the inmate does not obtain prior authorization, the federal district court has no jurisdiction to consider his § 2254 petition[.]" *Stanko v. Davis*, 617 F.3d 1262, 1265 -1266 (10th Cir. 2010) *(citing In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

The instant petition and the previous petition in Case No. CIV-16-926 both challenge the same Cleveland County conviction and sentence in Case No. CF-1997-628. Ordinarily, the District Court's dismissal of the first petition as untimely, would require authorization in the Circuit Court of Appeals prior to proceeding with a second petition. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Mr. Vue sought authorization to proceed with the current petition in the Tenth Circuit Court of Appeals, but the Circuit Court denied authorization as "unnecessary." (ECF No. 1-1). The Circuit Court recognized that ordinarily, the prior dismissal in Case No. CIV-16-926 would qualify as a "merits" disposition rendering a subsequent application second or successive under § 2244(b). (ECF No. 1-1). However, the Tenth Circuit also concluded that the District Court had failed to follow the proper procedure in recharacterizing a portion of the claims in CIV-16-926 under § 2254. (ECF No. 1-1). As a result, the Circuit Court concluded that CIV-16-926 "cannot be considered as a prior habeas action subjecting Mr. Vue to the second-or-successive constraints in §

4

2244(b) [and] [a]s he has no other prior habeas applications, he is not required to obtain circuit authorization to challenge his state convictions under § 2254." (ECF No. 1-1:2). Based on the Tenth Circuit's Order, this Court has jurisdiction over the current petition.

## IV. PETITIONER'S HABEAS CLAIMS

Mr. Vue asserts four grounds for habeas relief. First, Mr. Vue alleges his trial attorney was ineffective for:

- Failing to perfect Petitioner's direct appeal;

- Coercing Petitioner to enter a plea;

- Failing to properly complete the Plea of Guilty/Summary of Facts form; and

- Failing to inform Petitioner of the "direct consequences" of the plea.

(ECF No. 1:6-19; 25-28).

Second, Mr. Vue argues that the plea was constitutionally invalid based on the trial court's failure to:

- Determine Petitioner's competence,

- Admonish Petitioner regarding the "direct consequences" of the plea,

- Inquire whether the plea was being entered into voluntarily;

- Consider a declaration from Gayle Morrison regarding the fact that Mr. Vue was not born in the United States;

- Inform Petitioner that if convicted, he could be subject to removal from the United States based on his lack of citizenship;

5

- Determine a factual basis for the plea; and

- Explain to Mr. Vue that a *nolo contendere* plea was not legally different from a guilty plea.

(ECF No. 1:19-24).

Third, Mr. Vue alleges prosecutorial misconduct because the District Attorney had made a statement that the State would seek the death penalty in Mr. Vue's case without investigating exculpatory evidence. (ECF No. 1:28-31).

Finally, Mr. Vue alleges cumulative error based on: (1) trial counsel's ineffectiveness, (2) the trial court's errors in conducting the plea, and (3) prosecutorial misconduct. (ECF No. 1:25-31).

## V. DISMISSAL OF THE PETITION AS UNTIMELY

The Court should dismiss the habeas petition as untimely, as it was filed over 17 years after the statute of limitations had expired.

### A. AEDPA Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In the absence of allegations of facts implicating subsection (B), (C), or (D),[6] Petitioner's limitations period began to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not appeal from the May 5, 1998 plea, his conviction became final ten days later on May 15, 1998. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). Thus, without tolling, Petitioner's statute of limitations expired

---

[6] Mr. Vue argues that under *Buck v. Davis*, 137 S.Ct. 759 (2017), he has satisfied the criteria for "cause and prejudice" sufficient to bypass a procedural default on his claim that his attorney had failed to perfect his direct appeal. (ECF No. 1:5-6). According to Petitioner, *Buck* sets forth a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (ECF No. 1:5-6) (internal quotation marks omitted). The language used by Petitioner is similar to that in 28 U.S.C. § 2244(d)(1)(C) which allows the limitations period to begin "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But the undersigned does not interpret Mr. Vue's argument to invoke subsection (C), as he has failed to cite the statute or argue that *Buck* somehow relates to the statute of limitations issue.

on May 17, 1999.[7] Petitioner filed the habeas petition on August 10, 2017, over 17 years after the limitations period had expired. (ECF No. 1:1). Thus, under § 2244(d)(1)(A) the petition would be considered untimely absent statutory or equitable tolling.

B.    **Statutory Tolling**

The AEDPA limitations period is tolled while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *See* 28 U.S.C. § 2244(d)(2). In *Wall v. Kholi,* 131 S. Ct. 1278 (2011), the United States Supreme Court defined "collateral review" as "judicial review of a judgment in a proceeding that is not part of direct review." *Wall v. Kholi,* 131 S. Ct. at 1281–82. On September 10, 1998, Mr. Vue filed a Motion for Judicial Review to modify his sentence. (ECF No. 1:2).[8] On September 22, 1998, the District Court granted the Motion and modified Petitioner's sentence. (ECF No. 1:2).[9] Under *Wall*, The Court may assume that the State Petition is considered a type of "collateral review" subject to tolling under 28 U.S.C. § 2244(d)(2). *See Doby v. Dowling*, 632 F. App'x 485, 488

---

[7]   Because the one-year anniversary date fell on Saturday, May 15, 1999, he had until the following Monday, May 17, 1999, to file a habeas petition. *See* Fed. R. Civ. P. 6(a).

[8]   http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

[9]   http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

(10th Cir. 2015) (assuming § 982a motion tolls limitations period). Thus, Mr. Vue would be entitled to an additional 13 days of tolling, extending his habeas limitations period until May 31, 1999.[10]

As stated, a properly filed application for post-conviction relief can also toll the AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(2). Here, Mr. Vue filed an application for post-conviction relief on July 1, 2016. (ECF No. 1:2).[11] But Petitioner is not entitled to any period of tolling for the application because it was filed after the AEDPA limitations period had already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) ("[A] petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it."). Accordingly, unless equitable tolling is applicable, the instant petition would be untimely under 28 U.S.C. § 2244(d)(1)(A)-(D).

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled in the event of "extraordinary circumstances," *i.e.,* "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is appropriate, for instance, "when a

---

[10] The thirteenth day fell on Sunday, May 30, 1999. Accordingly, Mr. Vue had until the following Monday, May 31, 1999, to file a habeas petition. *See* Fed.R.Civ.P. 6(a).

[11] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

prisoner is actually innocent" or "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). Moreover, a petitioner must diligently pursue his federal habeas claims. *Id.* The petitioner bears the burden to demonstrate the equitable tolling applies. *Miller v. Marr*, 141 F.3d at 978.

Petitioner has alleged four grounds for habeas relief: (1) ineffective assistance of counsel, (2) invalidity of the plea due to errors by the trial court, (3) prosecutorial misconduct, and (4) cumulative error. *See supra* p. 5. The only ground for which Mr. Vue argues he is entitled to equitable tolling is the ineffective assistance of counsel claim. *See* ECF No. 1:11, 33. As stated, Mr. Vue alleges his trial attorney was ineffective for: (1) failing to perfect his direct appeal, (2) coercing Petitioner to enter a plea, (3) failing to properly complete the Plea of Guilty/Summary of Facts form, and (4) failing to inform Petitioner of the "direct consequences" of the plea. (ECF No. 1:6-19; 25-28). Mr. Vue only argues that he is entitled to equitable tolling on the issue of whether his attorney had failed to file his direct appeal. The Court should reject Petitioner's argument.

Mr. Vue asserts that following a discussion with his attorney on May 29, 1998, he believed: (1) the attorney would file a motion to withdraw the plea and (2) the appeal had been perfected. (ECF No. 1:9, 34). The record is clear, however, that Mr.

Vue's attorney never filed a motion to withdraw the plea.[12] According to Petitioner, he did not discover trial counsel's failure to perfect the direct appeal until the OCCA affirmed the denial of Petitioner's Application for Post-Conviction relief on December 14, 2016. (ECF No. 1:11, 33). Even assuming Petitioner's allegations to be true, the Court should conclude that the attorney's actions do not warrant equitable tolling.

In *Holland v. Florida*, 560 U.S. 631 (2010), the United States Supreme Court considered whether a habeas petitioner was entitled to equitable tolling because his court-appointed attorney had failed to timely file a habeas petition. The District Court rejected the argument for equitable tolling, noting that: (1) the attorney's conduct was, at worst, merely "negligent" and (2) the petitioner had not diligently pursued the matter. *Id.* at 643. The Eleventh Circuit Court of Appeals agreed, even assuming that the attorney's conduct had been *grossly* negligent. *Id.* at 644. The Supreme Court reversed, holding that the Eleventh Circuit's standard was "too rigid." *Id.* at 649. In doing so, the Court reiterated its holding that a "garden variety claim" of attorney negligence would not warrant equitable tolling, but the facts of the instant case plausibly presented "extraordinary circumstances" because the petitioner had presented evidence that he had written many letters to the attorney regarding the proper filing date, even identifying the applicable rules. *Id.* at 652. The attorney failed

---

[12] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101

to respond to the petitioner or communicate with his client over a period of years, despite the petitioner's many requests. *Id.* Ultimately, the Court held that the District Court had wrongfully relied on a lack of diligence by the petitioner and the Eleventh Circuit had erroneously applied an "overly rigid *per se* approach." *Id.* at 653. Accordingly, the remanded to the District Court for further findings. *Id.* at 654.

Here, however, even assuming Mr. Vue's allegations to be true, the Court should conclude: (1) his attorney's conduct would not amount to the type of "extraordinary circumstance" warranting equitable tolling and (2) Mr. Vue had not diligently pursued the issue in state court.

In *Johnson v. Jones*, the Tenth Circuit Court of Appeals reached a similar conclusion. In *Johnson*, the habeas petitioner had been convicted in state court following the entry of a guilty plea. *Johnson v. Jones*, 502 F. App'x 807, 808 (10th Cir. 2012). The petitioner did not file a direct appeal, and filed a habeas petition in federal court over one-year following the finality of the conviction. *Id.* The State sought dismissal, arguing that the petition was untimely. *Id.* The district court agreed, rejected the petitioner's argument for equitable tolling, and dismissed the petition. *Id.*

The petitioner appealed, arguing that he was entitled to equitable tolling because his attorney had failed to file his direct appeal in state court. *Id.* at 809. For purposes of the limitations period, the conviction had become final 10 days following the guilty plea, because no direct appeal had been filed. *Id.* Mr. Johnson then filed the habeas petition more than one year after the conviction had become final, arguing that

he was entitled to equitable tolling because he had instructed his attorney to file a direct appeal, but the attorney had negligently failed to do so. *Id.*

The Tenth Circuit rejected the petitioner's argument, noting that outside of the one alleged conversation where Mr. Johnson had told his attorney to file a direct appeal, the petitioner did not claim that he ever followed up with the attorney or otherwise inquired into the status of the direct appeal. *Id.* at 810. Accordingly, the petitioner had no reason to believe that the attorney was diligently pursuing the appeal. *Id.* Ultimately, even assuming the allegations to be true, the Court concluded that the attorney's conduct was "closer to a garden variety claim of excusable neglect, rather than an extraordinary circumstance warranting equitable tolling." *Id.* (internal citations and quotation marks omitted).

In the instant case, the Court should conclude that even assuming Mr. Vue's allegations to be true, the circumstances present a "garden variety claim of excusable neglect" rather than "extraordinary circumstances" warranting equitable tolling. According to Petitioner, "it was [his] understanding [that] counsel would 'take care of it' . . . 'it' being [his] first appeal as of right after briefly conferring with [him] after the May 29, 1998 proceeding, [he] truly believed counsel would timely file [his] motion to withdraw his nolo contendere plea." (ECF No. 1:8-9). Mr. Vue states that his attorney "is available to testify as to why she failed to [file the direct appeal]," but Petitioner does not give any insight into the attorney's purported reasons. Mr. Vue states that

13

his counsel never contacted him again after the court modified his sentence, so he "concluded that his case was legally over." (ECF No. 1:11).

Mr. Vue has not presented any argument as to why his attorney failed to file his direct appeal. At most, he has alleged facts which would amount to nothing more than excusable neglect. Furthermore, even though Petitioner states that he had believed the appeal had been perfected,[13] he obviously never received a ruling on the appeal because it had never been filed. Even so, Petitioner never pursued a ruling in state court on the supposed direct appeal or attempted to further contact his attorney. The lack of evidence regarding egregious conduct by the attorney and Petitioner's lack of diligence in pursuing the matter preclude equitable tolling.

Petitioner has neither proven that any "extraordinary circumstances" existed nor has he satisfied his burden to prove that he is actually innocent. Accordingly, the Court should conclude that Petitioner is not entitled to equitable tolling. With the 13 days of statutory tolling and in the absence of any equitable tolling, Mr. Vue's deadline for filing his habeas petition expired May 31, 1999. Because he waited until August 10, 2017 to file the petition, dismissal is appropriate.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, the Court should **DISMISS** the habeas petition as untimely. Adoption of this report would moot Petitioner's pending

---

[13] (ECF No. 1:34).

Application (Motion) for Leave to Proceed *in forma pauperis* **(ECF No. 2),** Motion for Appointment Counsel **(ECF No. 3)** and Motion to Certify Question of Law to the Oklahoma Supreme Court **(ECF No. 4)**.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 11, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 24, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE