# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ONG VUE, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-17-0857-HE |
| | ) |
| JANET DOWLING, Warden, | ) |
| Dick Conner Correctional Center | ) |
| | ) |
| Defendant. | ) |

## ORDER

Petitioner is a state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254. His petition was referred to Magistrate Judge Shon Erwin for initial proceedings. Judge Erwin has submitted a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected, therefore the court reviews the petition *de novo*.

## Background

On May 5, 1998, petitioner entered a *nolo contendere* plea in the District Court of Cleveland County, Oklahoma. He pled to one count of first degree murder and two counts of shooting with intent to kill. On May 29, 1998[1], he was sentenced to life in prison on the murder conviction and to twenty year sentences on each of the shooting convictions, with the two twenty year sentences to run concurrent to each other, but consecutive to the life sentence. Petitioner later filed a motion to modify the sentence, which the court granted.

---

[1] *The record is not clear on this point. Some documents say that petitioner was sentenced on May 29, 1998, while others say he was sentenced on June 1, 1998. However, this discrepancy does not affect the outcome here.*

The modified judgment directed that one of the 20-year sentences run concurrently with the life sentence.

Petitioner claims he expressed his desire to file a direct appeal, but his attorney did not file one. Petitioner took no other action regarding his conviction and sentence until July 1, 2016, when he filed an application for post-conviction relief in state district court. That court denied relief, after which petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). On December 14, 2016, the OCCA affirmed the denial of relief.

During the pendency of the state post-conviction proceeding, petitioner filed a petition in this court under 28 U.S.C. § 2241, which this court construed as raising at least some claims under § 2254. The court dismissed the action as untimely. Prior to filing the current petition, petitioner sought authorization from the Tenth Circuit to file a second or successive habeas action. However, that Court concluded a further challenge to the conviction pursuant to § 2254 would not be second or successive, as this court had not followed the appropriate procedures to re-characterize petitioner's prior motion as a habeas petition. Therefore, the current petition is properly before this court.[2]

## Analysis

The Report recommends that the petition be dismissed because it is untimely. Petitioner has objected to dismissal, arguing that he is entitled to tolling of the limitations period applicable to his ineffective assistance of counsel claim.

---

[2] *Petitioner also sought state habeas relief in Osage County District Court, which denied his petition in April of 2017. The OCCA affirmed the denial, stating that petitioner could not challenge his judgment and sentence through an application for writ of habeas corpus.*

2

Applications for a writ of habeas corpus by a person in state custody must be filed within a one year period. That period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In some circumstances, other dates may be applicable, such as where unconstitutional state action has impeded the filing of a habeas application, where a new constitutional right has been recognized by the Supreme Court, or where the basis for the claim is discovered later. *Id*. § 2244(d)(1)(B)-(D). In calculating the one year period, the "time during which a properly filed application for State post-conviction . . . with respect to the pertinent judgment or claim is pending" is excluded. *Id*. § 244(d)(2). The one year limitation is also subject to equitable tolling where the prisoner can show that he pursued his rights diligently, and that his failure to timely file the action was "caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, petitioner appears to argue for an alternate date from which to compute the one year period. He also asserts that he is entitled to statutory and equitable tolling of the limitations period.

Petitioner asserts that the limitation should run either from the date of the Supreme Court's decision in <u>Buck v. Davis</u>, 137 S. Ct. 759 (2017), or from the date of the OCCA's denial of his post-conviction appeal in December 2016. But <u>Buck</u> does not constitute some sort of general waiver of the limitations period as plaintiff appears to view it. <u>Buck</u> was a fact-specific examination of the procedural default rule in light of <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012) and <u>Trevino v. Thaler</u>, 133 S. Ct. 1911 (2013), turning primarily on the application of Fed.R.Civ.P. 60(b). None of those authorities are relevant in this case. <u>Buck</u>

3

did not involve concerns of timeliness nor does it involve any new right helpful to the petitioner.

Petitioner also cannot rely on the OCCA's recent dismissal of his post-conviction appeal as a basis for tolling. The judgment of conviction became final ten days after the judgment and sentence are imposed. *See* Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006); Okla. Crim. App. R. 2.5(A) & 4.2(A). It was therefore final in May or June of 1998[3], and the period for filing a habeas petition ended in June of 1999 at the latest.[4] An application for post-conviction relief filed after the expiration of the deadline does not serve to extend the deadline or avoid its application. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (no statutory tolling for state post-conviction proceedings initiated after expiration of the limitation period). Petitioner has not shown a basis for statutory tolling.

He has also not stated a basis for equitable tolling. His equitable tolling argument appears to suffer from the same misunderstanding as his statutory tolling argument, in that it confuses procedural default with issues of timeliness. But, in any event, petitioner is not entitled to equitable tolling for at least two reasons. First, petitioner did not diligently pursue his rights. Petitioner argues that he did not know that his attorney had not filed a direct appeal until the OCCA's opinion in December of 2016. That suggestion does not, however, explain or excuse a 17-year delay. Prisoners, although incarcerated, "must

---

[3] *The Report calculated the finality date from May 5, 1998, when petitioner pled guilty. However, petitioner was not sentenced until either May 29 or June 1, 1998.*

[4] *As the Report points out, even including the time during which petitioner's motion to modify his sentence was pending, the limitation period still ended in June of 1999.*

4

'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." Broadus v. Hartley, 345 F. App'x 345, 348 (10th Cir. 2009) (quoting Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007)).

Second, petitioner has not shown the "egregious misconduct" of counsel necessary to justify equitable tolling. Simple negligence on counsel's part is not sufficient. Fleming, 481 F.3d at 1255. Substantially for the reasons stated in the Report, the court concludes any failure to file a direct appeal is at most simple negligence.[5]

## Conclusion

The petition is untimely. There is no basis for statutory or equitable tolling. Therefore, the Report and Recommendation [Doc. #10] is **ADOPTED**. The petition is **DISMISSED**.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2017.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[5] *Petitioner claims it was his "understanding" that counsel would "take care of it" based on a discussion with counsel the day of his sentencing. However, he does not suggest he gave any sort of explicit instructions to commence a direct appeal as opposed to the effort at sentence modification, which the attorney did pursue.*